

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

**ENTERED**
**09/25/2007**

| | | |
|---|---|---|
| IN RE: | § | |
| ZOUHAIR HILAL; aka DANNY HILAL | § | CASE NO: 05-36909 |
|     Debtor(s) | § | |
| | § | CHAPTER  11 |
| | § | |
| DANNY HILAL | § | |
|     Plaintiff(s) | § | |
| | § | |
| VS. | § | ADVERSARY NO. 07-3278 |
| | § | |
| PORTER & HEDGES, L.L.P., *et al* | § | |
|     Defendant(s) | § | |

<u>**MEMORANDUM OPINION**</u>
<u>**CONCERNING DISMISSAL OF ADVERSARY PROCEEDING WITH PREJUDICE**</u>

This adversary proceeding began about May 7, 2007, as case number 2007-30297 in the District Court of Harris County, Texas (the "State Court" and the "State Court Lawsuit"). Danny Hilal, *pro se* but with drafting assistance from an attorney (Mr. Bousquet) filed an original petition commencing the State Court Lawsuit alleging that Defendants were liable for alleged negligence, breach of fiduciary duty, and false and misleading practices while serving as Plaintiff's attorneys. In sum, Plaintiff alleges breach of duties owed to him in an attorney client relationship in which Plaintiff was allegedly the client and Defendants were allegedly the attorneys.  Defendants removed the State Court Lawsuit to this bankruptcy court and Defendants immediately moved to dismiss under FRCP 12(b)(6), alleging that the complaint failed to state a complaint on which relief could be granted.  After continuing delays requested by Plaintiff, which were granted by the Court to allow Plaintiff an opportunity to obtain the benefits of counsel and to protect all of Plaintiff's legal rights, on the eve of a final deadline Plaintiff filed a notice of voluntary dismissal demanding that the Court dismiss this adversary proceeding without prejudice.  Because the Court must take into consideration matters outside the pleading of the complaint to determine the motion to dismiss, and because the Court finds that Plaintiff is playing fast and loose with the Court, for reasons set forth below and by separate order issued this date, the complaint is dismissed with prejudice.

I.     FACTS

A.    Findings of Fact as Previously Promulgated by the Court[1]

Prior to filing this bankruptcy case, Danny Hilal ("Debtor") was in the business of buying, selling, financing, and leasing real property in Harris County, Texas.  Debtor operated

---

[1] Main Case Docket # 564.

through limited liability companies ("LLC's").  Debtor, or his entities, purchased many or most of the properties at tax sales or other executions.

Debtor was the defendant in a number of lawsuits, including a suit by Johnny Bailey, Cassandra Bailey, and Ruby Ford in which a judgment was rendered against Debtor.  Execution was obtained on the judgment.  The consequences of execution on that judgment resulted in the filing of this bankruptcy case.

Debtor filed a voluntary petition in the Corpus Christi division of this court on February 4, 2005, commencing this bankruptcy case under chapter 11 of the Bankruptcy Code.  After substantial and contentious litigation, venue was transferred to the Houston division.  The litigation in the bankruptcy court continued to be contentious.  On June 1, 2005, Judge Isgur (sitting on an emergency basis for the undersigned judge who was out of town) found that Debtor had violated the Court's case management order and Judge Isgur ordered the appointment of a trustee.[2]

Debtor failed to turn over books, records, and assets to the trustee, so Judge Isgur issued an arrest warrant.[3]  The Chapter 11 Trustee eventually obtained possession of corporate books, records, and assets, but only with the assistance of the U.S. Marshal on Court order.

B.      Engagement of Porter & Hedges

On June 27, 2005,[4] the chapter 11 trustee filed an application to employ Porter & Hedges to reperesent the Trustee in resolving the litigation that had caused Debtor to file the bankruptcy case.  Debtor objected.[5]  Debtor's principal objection was that the proposed contingency fee was unreasonably generous; Debtor's subsidiary objection was the same one that is the *gravamen* of the complaint in this removed adversary proceeding, *i.e.* that Debtor had attempted to hire Defendants as his counsel and had disclosed privileged information to them.

The Court issued a scheduling order for proper preparation of the dispute for adjudication[6] and the Court held an extended hearing on the application to engage counsel.  At about 6:23:29 PM at the conclusion of the hearing on October 21, the Court stated reasons orally on the record under FRBP 7052.  The Court found that Debtor had simply not produced evidence supporting the allegations by a preponderance of the evidence.  In addition, the Court found that the allegations were "appalling."  The essence of the allegations (as well as the allegations in this removed adversary proceeding) is that Defendants violated an attorney-client duty by failing to represent Debtor and by improperly using information obtained from Debtor in an attorney-client conference.  The Court found that the information in question belonged to the bankruptcy trustee because it related to claims that were property of the estate and that, in fact, the Court had subsequently ordered the disclosure of similar information because the trustee was entitled to it

---

[2] Docket ## 174, 176.
[3] Docket # 203.
[4] Main Case Docket # 229.
[5] Main Case Docket ## 327.
[6] Main Case Docket # 324.

as property of the estate.  Based on these findings, Debtor's objection was dismissed and the application to employ was granted.  The dispute was fully litigated, and a final order was issued.

Debtor appealed the order.  On September 19, 2006, the district court affirmed the bankruptcy court order.

C.      The Complaint in This Adversary Proceeding and the Motion to Dismiss

The complaint that initiated this adversary proceeding in state court is essentially an elaboration of the allegations in Debtor's objection to engagement of Defendants as counsel for the chapter 11 trustee.  As noted, Defendants removed the State Court Lawsuit to this Court.

Defendants filed a Motion to Dismiss (docket # 6).  The motion to dismiss references all of the foregoing and asks the Court to dismiss the complaint on the basis of those facts.  The Court was asked to consider the pleadings and orders in its own record, the testimony adduced (and the failure to adduce evidence) at a hearing held before the Court, and the finality of the order after district court affirmance.

Plaintiff did not file a response to that motion.  However, Plaintiff did obtain counsel and filed a second Jury Demand, combined with a Motion to Remand, and Alternatively Motion to Withdraw the Reference (docket # 7).  Defendants filed an objection to Plaintiff's pleading, with a memorandum of authorities (docket # 15).

After the time for responding to the motion to dismiss had expired, the Court could have (and in retrospect should have) simply treated the motion to dismiss as a motion for summary judgment and dismissed the complaint with prejudice.  Instead, the Court issued an order on its own authority extending the time for responses and requiring memoranda of authorities (docket # 12). The Court noted in that order that a default dismissal could be entered, but the order stated that if Plaintiff filed a response by August 3 the Court would consider the response.

On August 1 Plaintiff filed a Motion for an Extension of Time (docket # 16).  The motion alleges that Plaintiff's current counsel was a bankruptcy lawyer, and that Plaintiff had only recently been able to hire Wayne Paris, an attorney who specializes in tort law.  The motion asks for an extension to September 17 to file required pleadings.  Defendants objected to the request for an additional extension of time (docket # 17).  Plaintiff responded to the objection (docket # 18); the response explicitly requests substitution of Mr. Paris for current counsel, Mr. Widmer, but the response is not signed by Mr. Paris. By order dated August 3, the Court set the Motion for Extension for hearing on August 22  (docket # 19).

On August 8 (docket # 21) Mr. Widmer asked to be allowed to withdraw as counsel for Debtor. The motion states that Debtor was not cooperating with counsel in that he would not respond to counsel's questions; the motion further states that the existing pleadings may be violations of Rule 9011. Therefore, counsel stated that he could not prepare for the August 22 hearing. As of August 22, Mr. Paris had still not entered his appearance in this adversary proceeding, and he did not appear at the hearing. At the hearing, contrary to the allegations of the Motion for Extension, Plaintiff stated that Mr. Paris had not yet agreed to the engagement and

would not agree to it unless the motion for extension was granted. Plaintiff stated that Mr. Paris was preoccupied with work on a brief for the Fifth Circuit, and that although that matter had been completed, Plaintiff did not know when it had been completed or when Mr. Paris would start on this adversary proceeding.

The Court granted the motion for Mr. Widner to withdraw as counsel and granted Debtor's motion for an extension of time to respond to Defendant's motion to dismiss. The Court set August 31 as the deadline for Mr. Paris to make his appearance in the case and set September 12 as the deadline for response to the motion to dismiss. Mr. Paris has never made an appearance in the case, and there is no evidence indicating that he ever intended to. Debtor was extraordinarily vague at the hearing on September 21 concerning what Mr. Paris had, and had not, agreed to do. Debtor's statements at that hearing suggest that all of his pleadings were ghostwritten by attorneys. The only attorney who actually appeared in this adversary proceeding asked to withdraw, disclosing that the allegations in the complaint violated Rule 9011.

Debtor never did file a response to the motion to dismiss. On September 11, Debtor filed a voluntary dismissal, and now insists that the dismissal be without prejudice under FRCP 41(a)(1) since Defendants have never filed an answer or a motion for summary judgment. Defendants object to dismissal without prejudice. Although too polite to make the argument in open court, the essence of Defendant's argument is that if the Court had not bent over backwards to assure the preservation of Debtor's rights to counsel and to due process, the adversary proceeding would have been dismissed with prejudice months ago. Defendants are right.

## II.    CONCLUSIONS

Rule 40(a)(1)[7] provides that a voluntary dismissal by a plaintiff is without prejudice if the motion is filed prior to the defendant having filed an answer or a motion for summary judgment. The purpose of that rule is to reduce litigation by allowing a plaintiff to withdraw a complaint with minimum fuss and bother before the parties have become actively engaged. After that, a defendant is entitled to determination of the issue:

> A unilateral motion to dismiss an action is permissible only before the defendant has filed an answer or a motion for summary judgment. The theory underlying this limitation is that, after the defendant has become actively engaged in the defense of a suit, he is entitled to have the case adjudicated and it cannot, therefore, be terminated without either his consent, permission of the court, or a dismissal with prejudice that assures him against the renewal of hostilities. *Exxon Corp. v. Maryland Cas. Co.* 599 F.2d 659, 661 (5th Cir. 1979).

If a defendant files a motion to dismiss under Rule 12(b)(6), the Court may treat the

---

[7] Adopted by Rule 7041 of the Federal Rules of Bankruptcy Procedure. The references in the text following this footnote are to the numbers of the Federal Rules of Bankruptcy Procedure. Those rules have been adopted by corresponding rules in the Federal Rules of Bankruptcy Procedure, and are numbered with the digits "70" preceding the FRCP number.

motion as a motion for summary judgment if the motion requires consideration of matters outside the pleadings.  *Id.*

In this case, the Rule 12(b)(6) motion asked the Court to consider matters outside the pleadings, the Court considered those matters, and Defendants were clearly entitled to summary judgment after consideration of those matters.  This dispute is *res judicata.*  Therefore, the complaint is dismissed with prejudice.

The only reason that the Court did not previously dismiss the matter on Defendant's motion is that the Court was extraordinarily respectful of Plaintiff's legal rights.  After having asked for additional time to change attorneys and after having asked extraordinary consideration for delay because his proposed attorney was too busy with other matters, Plaintiff plays fast and loose with the Court in now demanding a dismissal now without prejudice.  Defendant has clearly become "actively engaged" and therefore is entitled to an adjudication on the merits.

Plaintiff's complaint is dismissed with prejudice by separate order issued this date.

SIGNED 09/24/2007.

_Wesley W. Steen_

**WESLEY W STEEN**
**United States Bankruptcy Judge**